TIMOTHY J. SILVERMAN, ESQ., BAR NO. 145264
SOLOMON, GRINDLE, SILVERMAN & WINTRINGER
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Secured Creditor/Movant
USE CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANNA LEE ELLROTT,<br><br>Debtor.<br><br>RICHARD ELLROTT,<br><br>Non-filing Co-Debtor<br><br>USE CREDIT UNION,<br><br>Movant,<br><br>-vs-<br><br>ANNA LEE ELLROTT; RICHARD ELLROTT; THOMAS BILLINGSLEA, Chapter 13 Trustee,<br><br>Respondents. | Case No: 10-13703-B13<br><br>Chapter 13<br><br>RS No: TJS-002<br><br>STIPULATION FOR ORDER FOR ADEQUATE PROTECTION<br><br>Date: March 15, 2011<br>Time: 2:00 pm<br>Dept: 1<br>Room: |

Secured Creditor and Moving Party, USE CREDIT UNION ("USECU") by and through its attorneys of record, Solomon, Grindle, Silverman & Spinella, by Timothy J. Silverman, Esq. and the Debtor, ANNA LEE ELLROTT ("Debtor"), by and through her counsel of record, the Bankruptcy Law Center, by Ahren A. Tiller, Esq., enter into this Stipulation for Order for Adequate Protection based upon the following facts.

///

1

## RECITALS

1. On July 31, 2010, the Debtor filed a voluntary Chapter 13 bankruptcy case.

2. Thomas Billingslea is the duly qualified and appointed Chapter 13 Trustee.

3. On or about October 2, 2006, the Debtor and Richard Ellrott executed and delivered to USECU a written Note ("Note"), for value received, in the principal amount of $500,000.00. Pursuant to the terms of Note, the Debtor promised to pay to USECU for the funds borrowed according to the terms of the Note, commencing on or about November 1, 2006, and continuing until paid in full. The current monthly payment is $3,271.33.

4. To secure repayment of the Note, on or about October 2, 2006, the Debtor granted to USECU a beneficial interest under a **first** priority Deed of Trust. This Deed of Trust encumbers residential real property located at 1130 Erin Drive, El Cajon, CA 92020 (the "property"). The Deed of Trust was recorded on October 10, 2006 in the Official Records of San Diego County, California as Instrument No. 2006-0721024.

5. On January 1, 2011, the Debtor has defaulted on her post-petition mortgage payments due to USECU. Post-petition arrears exist in the amount of $6,542.66, representing the January 1, 2011 and February 1, 2011 mortgage payments but excluding late fees and legal expenses. The next payment is due on March 1, 2011.

6. As a result of the default, on February 18, 2011, USECU filed and served a Motion for Relief from Automatic Stay to Enforce Its Lien Upon the Real Property of the Debtor. By this Stipulation, the parties wish to resolve the disputed issues in USECU's Motion.

Based upon the foregoing facts, USECU and the Debtor stipulate and agree as follows:

## STIPULATION

A. As of March 1, 2011, USECU acknowledges receipt of $6,834.44 representing the January 1, 2011 and February 1, 2011 post-petition payments.

B. The Debtor acknowledges and agrees for purposes of this Stipulation that as of March 9, 2011, she owes to USECU the sum of $700.00 for reimbursement of its legal expenses associated with the motion for relief from automatic stay. The Debtor shall pay this amount to USECU's counsel no later than March 21, 2011.

C. Commencing with the payment due on March 1, 2011, and continuing on the first day of each month thereafter until the indebtedness is paid in full or a Court Order is entered to the contrary, the Debtor shall make regular monthly payments to USECU pursuant to the terms of the Note, presently in the amount of $3,271.33.

D. In addition to maintaining her mortgage payments, the Debtor shall also maintain current insurance and post-petition taxes associated with the property.

E. If the Debtor defaults upon any provision of this Stipulation, USECU shall provide the Debtor and any counsel of record with ten (10) days written notice to cure the default. If the Debtor fails to cure the default within the ten (10) day cure period, USECU shall be entitled to file an Ex Parte Declaration outlining the default and failure to cure as well as an Order for Relief from the Automatic Stay. The only issue to be determined by the Court shall be whether the Debtor cured the default within the ten (10) day notice period.

Dated: March 10, 2011

SOLOMON, GRINDLE, SILVERMAN & SPINELLA

By: _____
Timothy J. Silverman, Esq.
Attorneys for Secured Creditor, USE CREDIT UNION

Dated: 3/10/11

BANKRUPTCY LAW CENTER

By: _____
Ahren A. Tiller, Esq.
Attorneys for Debtor ANNA LEE ELLROTT

\stipulation APO